UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-246 (JMB/SGE)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) **GOVERNMENT'S MOTION IN** |
| | ) **LIMINE NO. 1 TO PRECLUDE** |
| v. | ) **SELF-DEFENSE CLAIM OR** |
| | ) **ARGUMENT THAT THE** |
| ROBERTO CARLOS MUÑOZ-GUATEMALA, | ) **DEFENDANT DID NOT KNOW** |
| | ) **THE VICTIM'S OFFICIAL** |
| | ) **STATUS** |
| Defendant. | ) |

The United States of America, by and through its undersigned attorneys, hereby respectfully submits its motion in limine to preclude the defendant from raising a self-defense claim at trial or arguing in any way before the jury that he did not know the victim was a federal law enforcement officer. The defendant cannot meet his burden of production with respect to self-defense, and such a defense is the sole reason knowledge of the victim's official status could be relevant. For the charge of Assault a Federal Officer, the government need not prove the defendant knew the victim was a federal officer, rendering the issue irrelevant and confusing to the jury.

1

## I. The Court Should Preclude the Defendant from Arguing Self-Defense to the Jury.

The defendant is charged with assaulting a federal officer. A self-defense claim requires a jury to find that the defendant "used such force that he reasonably believed was necessary to protect himself from unlawful physical harm about to be inflicted upon him by another." *United States v. Davidson*, 108 F.4th 706, 710 (8th Cir. 2024). While self-defense may be a viable defense in some assault cases, "[a]n individual is not justified in using force for the purpose of resisting arrest or other performance of duty by a law enforcement officer within the scope of his official duties." *United States v. Drapeau*, 644 F.3d 646, 653 (8th Cir. 2011). The totality of the circumstances in this case show that the victim-officer acted at all times "within the scope of his official duties." Accordingly, the defendant cannot show any reasonable belief that he was about to suffer unlawful physical harm.

The defendant bears the burden of production on the issue of self-defense. *United States v. Farlee*, 757 F.3d 810, 815 (8th Cir. 2014). Only after that burden is met does the burden shift to the government to prove beyond a reasonable doubt that the defendant did not act in self-defense. *Id.* While the burden of production is not a heavy one, "when the defendant's evidence, even viewed in the light most favorable to him, is insufficient to sustain [an instruction of self-defense] even if believed," the Court may properly exclude

testimony supporting such a defense. *Davidson*, 108 F.4th at 710. A self-defense instruction is appropriate only if "there is evidence upon which the jury could rationally sustain the defense," meaning the defendant must provide "more than [a] mere scintilla of evidence." *Id.* (quotation omitted).

In *Davidson*, the Eighth Circuit specifically considered whether, in the context of an alleged assault on a federal officer, the district court could resolve a motion in limine to preclude self-defense before trial. *Id.* The appellate court unambiguously held that the district court can require the defendant "to provide a pre-trial proffer on the issue of self-defense" and, based on the evidence proffered, preclude the defendant from advancing a self-defense claim. *Id.* To the extent Mr. Munoz-Guatemala seeks to argue self-defense, the Court should require him to provide a pre-trial proffer of how he plans to meet the burden of production.

The facts in this case do not give rise to a self-defense argument, even taking the evidence in the light most favorable to the defendant. The traffic stop from which Mr. Munoz-Guatemala fled was captured on video and occurred in broad daylight. The defendant was stopped by four police vehicles, each with flashing police lights, and one of the vehicles deployed its siren to stop the defendant. One such vehicle was stopped directly in front of the defendant's vehicle, and three others were parked behind his vehicle.

When the four officers who stopped Mr. Munoz-Guatemala exited their police vehicles, each was wearing a vest clearly identifying them as police on the front and back. The victim-officer's vest, in particular, could not have been clearer:



These were not police officers operating in an undercover capacity. Additionally, none of the officers was wearing a mask to conceal their identity.

Indeed, the victim-officer approached the defendant's driver-side window and identified himself as a federal law enforcement officer. The defendant cannot realistically dispute this fact, since a subsequent 911 call placed by another person on the defendant's behalf, based entirely on information relayed by the defendant, asserted that the defendant was purportedly "beaten" by "people that were saying to be ICE, *police officers*." (emphasis added). Nothing about these circumstances could give rise to any reasonable

misapprehension about whether the victim or any of the other agents present were law enforcement officers.

Furthermore, the officers never "beat" the defendant. After the defendant refused to unlock and open his door, police warned him that if he did not comply, they would have to break a window of the vehicle to do it themselves. The defendant refused to comply, forcing law enforcement to break the window. It was not until after the defendant fled from police and began dragging the ERO officer with the vehicle at a high-rate of speed that the ERO officer drew his Taser and deployed it against the defendant.

Importantly, the question this Court must consider is whether Mr. Munoz-Guatemala could have "reasonably believed" it was necessary to protect himself from "unlawful physical harm." *Davidson*, 108 F.4th at 710. Taking all evidence in the light most favorable to the defendant, he simply could not have reasonably believed he was being confronted by anyone other than law enforcement or that it was necessary to flee in a vehicle and drag a police officer at a high-rate of speed to avoid any purported unlawful harm. The Court should therefore preclude Mr. Munoz-Guatemala from asserting self-defense.

## II. The Court should Preclude any Argument that the Defendant was Unaware that the Victim was Federal Officer.

In *United States v. Feola*, the Supreme Court held that 18 U.S.C. § 111, the statute proscribing assault on a federal officer, "cannot be construed as

embodying an unexpressed requirement that an assailant be aware that his victim is a federal officer." 420 U.S. 671, 684 (1975). The Eighth Circuit recently confirmed that *Feola* remains binding precedent. *Davidson*, 108 F.4th at 712. Consequently, to prove the defendant's guilt, the government need only prove that the defendant intended to assault a victim who *was* a federal officer. *Id.*

The Court in *Feola* clarified that there may be circumstances "in which ignorance of the official status of the person assaulted or resisted negates the very existence of mens rea." 420 U.S. at 686. By way of example, "when an officer fails to identify himself or his purpose, his conduct in certain circumstances might reasonably be interpreted as the unlawful use of force." *Id.* In such a situation, "one might be justified in exerting an element of resistance, and an honest mistake of fact would not be consistent with criminal intent." *Id.*

As discussed above, however, self-defense is not a viable defense in this case because the arresting officers, including the victim-officer, were wearing clear "POLICE" insignia, did not have their faces covered, and drove vehicles with flashing police lights and sirens. Self-defense is the sole reason why Mr. Munoz-Guatemala's knowledge that the victim's official status *could* be relevant. Consequently, any argument to the jury that the defendant was

6

unaware that the victim was a federal officer is irrelevant and would serve only to mislead and confuse the jury. *See* Fed. R. Evid. 403.

The government need not prove Mr. Munoz-Guatemala knew the victim was a federal officer, and there is no permissible reason for which Mr. Munoz-Guatemala could advance such an argument. The Court should therefore preclude Mr. Munoz-Guatemala from arguing any lack of such knowledge to the jury.

Dated: <u>November 17, 2025</u>　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　DANIEL N. ROSEN
　　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　　　<u>/s/ *Raphael B. Coburn*</u>
　　　　　　　　　　　　　　　　　BY:　RAPHAEL B. COBURN
　　　　　　　　　　　　　　　　　　　　THOMAS CALHOUN-LOPEZ
　　　　　　　　　　　　　　　　　　　　Assistant United States Attorneys
　　　　　　　　　　　　　　　　　　　　District of Minnesota