# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
### Criminal No. 24-246 (JMB/SGE)

UNITED STATES OF AMERICA,

          Plaintiff,

    v.

ROBERTO CARLOS MUNOZ-
GUATEMALA,

          Defendant.

**GOVERNMENT'S MOTION IN LIMINE NO. 2 TO PERMIT IMPEACHMENT UNDER FRE 609**

The United States of America, by and through its undersigned attorneys respectfully moves in limine to impeach the defendant with his prior felony conviction pursuant to Federal Rule of Evidence 609(a)(1)(B), if the defendant chooses to testify at trial in this matter.

| Conviction | Location of Conviction | Date of Conviction (on or about) |
|---|---|---|
| Fourth Degree Criminal Sexual Conduct | Hennepin County, MN | October 9, 2023 |

Federal Rule of Evidence 609(a)(1)(B) provides that "evidence of a criminal conviction for a crime . . . punishable by death or by imprisonment for more than one year . . . must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its

prejudicial effect to that defendant." FRE 609(a)(1)(B). The Eighth Circuit has long held that "prior convictions are highly probative of credibility 'because of the common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath.'" *United States v. Collier*, 527 F.3d 695, 700 (8th Cir. 2008) (quoting *United States v. Chauncey*, 420 F.3d 864, 874 (8th Cir. 2005)).

Because the defendant's intent is a critical issue, the defendant's credibility will be a key factor in the jury's deliberation and determination of the facts should the defendant elect to testify. If the defendant testifies, he will likely deny that he knew the victim was a police officer or that he intended to drag the victim, thereby putting his credibility directly at issue. The Eighth Circuit has confirmed that such cross examination is more probative than prejudicial when credibility is a central issue. *United States v. Brown*, 956 F.2d 782, 787 (8th Cir. 1992) (noting that credibility is a "critical factor in the jury's choice" when the "jury essentially had to choose between one version of events presented by the government's witnesses and another version presented by the defendant's"). Indeed, "'where the credibility of one witness must be weighed directly against that of another, the probative value of a prior conviction may well be enhanced, rather than diminished.'" *United States v. Holmes*, 822 F.2d 802, 805 (8th Cir. 1987) (quoting *United States v. Spero,* 625 F.2d 779, 781 (8th Cir. 1980)).

The Eighth Circuit has specifically held that, when credibility is a central issue, impeachment regarding a prior conviction for criminal sexual conduct is permissible. *See United States v. Mosby*, 101 F.3d 1278, 1283 n.8 (8th Cir. 1996) (affirming the district court's decision to permit impeachment of a defendant charged with being felon in possession of ammunition with evidence of his "prior conviction for criminal sexual conduct," and noting that "evidence that a defendant had once committing a sexual crime may be prejudicial, [but it is not] unfairly prejudicial"); *Jones v. Collier*, 762 F.2d 71, 72 n.2 (8th Cir. 1985) (affirming decision to admit evidence of a "prior rape conviction" for impeachment purposes); *Cummings v. Malone*, 995 F.2d 817, 826 (8th Cir. 1993) (citing with approval a decision in which a court permitted impeachment regarding a past conviction for rape "when the jury had to choose between conflicting versions of the evidence"). The Eighth Circuit recently went a step further when it held that a district court's decision to preclude impeachment regarding prior felony sex offenses, including statutory rape[1], was an abuse of discretion. *Am. Modern. Home Ins. Co. v. Thomas*, 993 F.3d 1068, 1071-72 (8th Cir. 2021).

---

[1] Fourth Degree Criminal Sexual conduct is, for all intents and purposes, the same as statutory rape. The defendant was convicted of engaging in criminal sexual conduct with his stepdaughter when she was at least 16 years old but under 18 years old.

Most of the Eighth Circuit's cases addressing the admissibility of sexual assault convictions for purposes of impeachment are civil cases, meaning they apply only Rule 403, rather than Rule 609(a)(1)(B). However, that is not true of *Mosby*—the appellate court specifically held that impeachment using a prior conviction for criminal sexual conduct in a *criminal* case was permissible. Moreover, *Mosby* leaves no room for ambiguity as to the Eighth Circuit's position on whether impeachment using a criminal sexual conduct conviction is unfairly prejudicial—it is not.[2]

To avoid any unfair prejudice, the government will not present the underlying facts of the conviction. Moreover, the Court can further minimize any prejudicial effect by providing a limiting jury instruction. *See* Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 2.16 (2023). As such, should the defendant elect to testify, his prior conviction is highly probative of his credibility, outweighing any unfairly prejudicial effect.

---

[2] The fact that Rule 609(a)(1)(B) does not use the term "unfair" in reference to prejudice is irrelevant. *See* Federal Practice & Procedure (Wright & Miller) § 6134. Evidence is "prejudicial" if it has probative value—"calling evidence 'prejudicial' without implying the 'unfair' modifier typically means only that the evidence hurts the case of the party against whom it is offered." *Id.* Rule 609(a)(1)(B) cannot be read as mandating the exclusion of evidence only because it has probative value. *Id.* Rather, "'prejudicial effect' as employed by Rule 609(a)(1)(B) must refer to prejudice that is 'unfair' in the same sense intended by Rule 403." *Id.*

Should the Court determine that the name of the defendant's prior felony conviction, due to its sexual nature, is unfairly prejudicial, the Court should still permit the government to impeach the defendant using the fact of the defendant's felony conviction and the date of that conviction. *See, e.g.*, *United States v. Ford*, 17 F.3d 1100,1103 (8th Cir. 1994) (permitting impeachment using "the fact that the witness had been convicted of a felony" but excluding the name of the felony conviction); *Foulk v. Charrier*, 262 F.3d 687, 699-700 (8th Cir. 2001) (affirming decision to admit the fact of a witness's felony convictions but excluding the specific names of the felonies).

Based on the foregoing, the United States respectfully requests the opportunity to cross-examine the defendant regarding his prior felony conviction for criminal sexual conduct should he testify.

Dated: November 17, 2025

Respectfully Submitted,

DANIEL N. ROSEN
United States Attorney

*/s/ Raphael B. Coburn*
BY: RAPHAEL B. COBURN
BY: THOMAS CALHOUN-LOPEZ
Assistant United States Attorneys