UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-246 (JMB/SGE)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **GOVERNMENT'S MOTION IN** |
| | ) | **LIMINE NO. 3 TO PRECLUDE** |
| v. | ) | **INADMISSIBLE HEARSAY** |
| | ) | |
| ROBERTO CARLOS MUÑOZ-GUATEMALA, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

The United States moves in limine for an order precluding the defendant or his counsel, in the presence of the jury, from offering or referring in any way to hearsay statements of the defendant or others. In particular, the Court should exclude: (1) a police report the defendant intends to offer into evidence at trial from the Bloomington Police Department; and (2) the defendant's statements in the 911 call to the Bloomington Police Department after he fled from law enforcement.

Although the government has not yet seen a copy of the report, the government understands the report ostensibly reflects that someone attempted to blackmail the defendant with threats to report him to immigration authorities. Such a report is hearsay and does not fall within any of the exceptions to the rule against hearsay. Police reports do not qualify as

1

either as either business records or public records—they are prepared for use in court, not in business. *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 321-22 (2009) (citing Fed. R. Evid. 803(8)).

Even if the report were not hearsay, it would be inadmissible because it is irrelevant and unfairly prejudicial. Whether someone threatened to call immigration authorities about the defendant is not relevant to whether, in June of this year, the defendant assaulted a federal officer. Such evidence would instead only serve to distract and confuse the jury and encourage a verdict based on sympathy or political beliefs rather than the law. And even if there were any probative value, it would be outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403. Accordingly, the Court should preclude the defendant from introducing that report into evidence or referring to it before the jury.

With respect to the 911 call, a young woman called 911 after the defendant fled to her Bloomington address after he dragged the ERO officer. The caller reported that the defendant was bleeding heavily and that he needed medical attention. When asked why the defendant needed medical attention, the young woman relayed that the defendant was supposedly attacked by people claiming to be with ICE or the police. Given that the caller was not in the defendant's vehicle or present when the defendant assaulted the ERO officer, she was relaying the defendant's statements to her.

911 calls are typically admissible as either excited utterances or present sense impressions. *See, e.g., United States v. Mitchell*, 726 F. App'x 498, 503 (8th Cir. 2018). The caller's statements about what happened to the defendant, however, present a second level of hearsay. The defendant's statement to the 911 caller about what happened is only admissible if it falls within one of the exceptions to the rule against hearsay. Because the 911 call does not capture the defendant's own words with respect to what he claims happened, the call itself does not provide sufficient foundation for the Court to determine whether the defendant's statements were either excited utterances or present sense impressions. Absent a sufficient showing by the defendant, the Court should not admit the hearsay within the 911 call.

Dated: <u>November 17, 2025</u>

Respectfully Submitted,

DANIEL N. ROSEN
United States Attorney

<u>/s/ *Raphael B. Coburn*</u>

BY: RAPHAEL B. COBURN
THOMAS CALHOUN-LOPEZ
Assistant United States Attorneys
District of Minnesota