UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 24-246 (JMB/SGE)

UNITED STATES OF AMERICA,

               Plaintiff,

v.

ROBERTO CARLOS MUÑOZ-
GUATEMALA,

               Defendant.

**GOVERNMENT'S MOTION IN
LIMINE NO. 4 TO PRECLUDE
JURY NULLIFICATION**

The United States of America, by and through its undersigned attorneys respectfully moves in limine to preclude the defendant arguing, presenting evidence, or pursuing lines of inquiry designed to elicit jury nullification.

It is not proper to encourage jurors to disregard the law. *See United States v. Wiley*, 503 F.2d 106, 107 (8th Cir. 1974) ("To encourage individuals to make their own determinations as to which laws they will obey and which they will permit themselves as a matter of conscience to disobey is to invite chaos."). A jury's duty is to apply the law to the facts. *United States v. Scout*, 112 F.3d 955, 961 (8th Cir. 1997). Although a jury has the power to find a defendant not guilty for any reason, the defendant has no right to incite nor encourage jury nullification. *United States v. Horsman*, 114 F.3d 822, 829 (8th Cir. 1997). Consequently, an argument or evidence encouraging jury nullification lacks

1

any relevance or probative value and is contrary to the instructions the Court will provide to the jury. The defendant has "no right to present irrelevant evidence, confuse or mislead the jury, or encourage the jury to disregard the Court's instructions as to the law." *United States v. Mayer*, No. 19-cr-96 (WMW/JHB, 2021 WL 2434121 , at *5 (D. Minn. June 15, 2021).

The United States in particular is concerned that the trial not serve as a referendum for the nation's immigration policies, or a referendum—on either side—of the activities of the Department of Homeland Securities or Immigration and Customs Enforcement.[1]

"Under our system of criminal justice, the issue submitted to the jury is whether the accused is guilty or not guilty." *United States v. McVeigh*, 153 F.3d 1166, 1192 (10th Cir. 1998). Permitting the defense to reference broader political controversies regarding immigration policy and enforcement would serve only one impermissible end: "appealing to the sympathies, passions or prejudices of the jury." *United States v. Dunn*, No. 19-CR-268 (MJD/BRT), 2021 WL 2143054, at *2 (D. Minn. May 26, 2021) (quoting *United States v.*

---

[1] The United States has no particularized concerns about the defendant's counsel, who it should go without saying tries his cases with nothing but integrity. Given the spectrum of strong feelings about immigration enforcement, this motion is submitted in an abundance of caution to foreclose any misunderstandings about evidence and argument.

*Raplinger*, No. 05-CR-49 LRR, 2006 WL 2710653, at *1-2 (N.D. Iowa Sept. 20, 2006)).

Even if the broader national controversy regarding immigration policy and enforcement had some minimal probative value, the evidence should be excluded under Fed. R. Evid. 403 because of the danger of unfair prejudice and jury confusion. Injecting politics into this trial would shift the jury's focus "from the accusations against [the defendant] to accusations against the [government], thus creating a real danger of unfair prejudice and jury confusion." *United States v. Patrick*, 248 F.3d 11, 22 (1st Cir. 2001).

For these reasons, the government respectfully requests the Court preclude any argument, evidence, or lines of inquiry designed to elicit jury nullification.


Dated: November 17, 2025

Respectfully Submitted,

DANIEL N. ROSEN
United States Attorney

*/s/ Raphael B. Coburn*
BY: RAPHAEL B. COBURN
BY: THOMAS CALHOUN-LOPEZ
Assistant United States Attorneys