**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| United States of America, | Case No. 25-CR-246 (JMB/SGE) |
| Plaintiff, | |
| v. | **FINAL JURY INSTRUCTIONS** |
| Roberto Carlos Muñoz-Guatemala, | |
| Defendant. | |

---

**JURY INSTRUCTION NO. 1**
Model Criminal Jury Instructions for the Eighth Circuit, § 3.01 (2023)

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I will now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because all are important. This is true even though some of those I gave you at the beginning of or during trial are not repeated here.

The instructions I am about to give you now as well as those I gave you earlier are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, all instructions, whenever given and whether in writing or not, must be followed.

**JURY INSTRUCTION NO. 2**
Model Criminal Jury Instructions for the Eighth Circuit, § 3.02 (2023)

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

You should not be influenced by any person's race, color, ethnicity, national origin, religion, gender, gender identity, sexual orientation, disability, or economic circumstances. You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy, or biases, including unconscious bias. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may express without conscious awareness, control, or intention. Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

**JURY INSTRUCTION NO. 3**
Model Criminal Jury Instructions for the Eighth Circuit, § 3.03 (2023)

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses the documents and other things received as exhibits and the facts that have been stipulated—that is, formally agreed to by the parties.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence. I shall list those things again for you now:

1. Statements, arguments, questions, and comments by lawyers representing the parties in the case are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

2

4. Anything you saw or heard about this case outside the courtroom is not evidence.

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

**JURY INSTRUCTION NO. 4**
Model Criminal Jury Instructions for the Eighth Circuit, § 1.03 (2023)

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms. The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

**JURY INSTRUCTION NO. 5**
Model Criminal Jury Instructions for the Eighth Circuit, § 3.04 (2023)

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

You should judge the testimony of Mr. Muñoz-Guatemala in the same manner as you judge the testimony of any other witness.

**JURY INSTRUCTION NO. 6**

You have heard evidence regarding Mr. Muñoz-Guatemala's nationality and immigration status. Mr. Muñoz-Guatemala is on trial for only the offense charged, the elements of which are not related to his nationality or immigration status.

**JURY INSTRUCTION NO. 7**
Model Criminal Jury Instructions for the Eighth Circuit, § 4.10 (2023)

You have heard testimony from a person described as an expert. Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion.

Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

**JURY INSTRUCTION NO. 8**
Model Criminal Jury Instructions for the Eighth Circuit, § 2.03 (2023)

The government and the defendant have stipulated—that is, they have agreed—that certain facts are as stated in government exhibit number 15. You must therefore treat those facts as having been proved.

**JURY INSTRUCTION NO. 9**
Model Criminal Jury Instructions for the Eighth Circuit, § 2.06A (2023)

As you have heard, there is a transcript of the 911 call recording. That transcript also undertakes to identify the speakers engaged in the conversation.

The transcript is for the limited purpose of helping you follow the conversation as you listen to the recording, and also to help you keep track of the speakers. Differences in meaning between what you hear in the recording and read in the transcript may be caused by such things as the inflection in a speaker's voice. It is what you hear, however, and not what you read, that is the evidence.

Whether the transcript correctly or incorrectly reflects the conversation or the identity of the speakers is entirely for you to decide based upon what you hear on the recording and what you have heard here about the preparation of the transcript, and upon your own examination of the transcript in relation to what you hear on the recording. If you decide that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

**JURY INSTRUCTION NO. 10**
Model Criminal Jury Instructions for the Eighth Circuit, § 2.16 (2023)

You have heard evidence that defendant Roberto Carlos Muñoz-Guatemala was previously convicted of a crime. You may use that evidence only to help you decide whether to believe his testimony and how much weight to give it. The fact that he was previously convicted of a crime does not mean that he committed the crime charged here, and you must not use that evidence as any proof of the crime charged in this case.

**JURY INSTRUCTION NO. 11**
Model Criminal Jury Instructions for the Eighth Circuit, § 3.06 (2023)

The Indictment in this case charges Mr. Muñoz-Guatemala with assault on a federal officer with a dangerous or deadly weapon and resulting in bodily injury. Mr. Muñoz-Guatemala has pleaded not guilty to that charge.

The Indictment is simply the document that formally charges Mr. Muñoz-Guatemala with the crime for which he is on trial. The Indictment is not evidence. At the beginning of the trial, I instructed you that you must presume Mr. Muñoz-Guatemala to be innocent. Thus, Mr. Muñoz-Guatemala began the trial with a clean slate, with no evidence against him.

The presumption of innocence alone is sufficient to find Mr. Muñoz-Guatemala not guilty and can be overcome only if the government proved during the trial, beyond a reasonable doubt, each element of the crime charged.

There is no burden on Mr. Muñoz-Guatemala to prove that he is innocent. Instead, the burden of proof remains with the government throughout the trial.

**JURY INSTRUCTION NO. 12**
Model Criminal Jury Instructions for the Eighth Circuit, § 3.11 (2023)

Reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation. A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of Mr. Muñoz-Guatemala's guilt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

**JURY INSTRUCTION NO. 13**

The Indictment in this case reads as follows:

### COUNT 1
(Assault on a Federal Officer with a Dangerous or Deadly Weapon
or Resulting in Bodily Injury)

On or about June 17, 2025, in the State and District of Minnesota, the defendant, **ROBERTO CARLOS MUÑOZ-GUATEMALA,** did forcibly assault or forcibly resist an officer and employee of the United States and of any agency in any branch of the United States Government, that is, an agent from Enforcement and Removal Operations, while such officer and employee was engaged in and on account of the performance of his official duties, and in doing so, the defendant caused physical contact with the victim and inflicted bodily injury, or used a dangerous or deadly weapon, all in violation of Title 18, United States Code, Sections 111(a)(1) and 111(b).

**JURY INSTRUCTION NO. 14**
Model Criminal Jury Instructions for the Eighth Circuit, §§ 1.02, 3.09, 6.18.111 (2023)

The crime of assault on a federal officer has three elements, which are:

*One*, the defendant forcibly assaulted or forcibly resisted Enforcement and Removal Operations Officer Jonathan Ross;

*Two*, the assault or resistance was done voluntarily and intentionally; and

*Three*, at the time of the assault or resistance, Enforcement and Removal Operations Officer Jonathan Ross was doing what he was employed to do by the federal government and performing federal investigative, inspection, or law enforcement functions.

If you unanimously find that the government proved each of these three elements, you will also have to determine whether Mr. Muñoz-Guatemala forcibly assaulted or forcibly resisted Enforcement and Removal Operations Officer Jonathan Ross with a deadly or dangerous weapon and whether the assault or resistance resulted in bodily injury.

An "assault" is any intentional and voluntary attempt to do injury to the person of another. An "assault" is also any intentional and voluntary threat to do injury to the person of another, when coupled with the apparent present ability to carry out that threat sufficient to put the person against whom the attempt is made in fear of immediate bodily harm.

"Forcibly" means by use of force. Physical force is sufficient but actual physical contact is not required. You may also find that a person who, in fact, has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon such person acts forcibly. In such case, the threat must be a present one.

To establish the second element—that the assault or resistance was done voluntarily and intentionally—the government must prove that Mr. Muñoz-Guatemala should reasonably have known that Jonathan Ross was a law enforcement officer and not a private citizen attempting to assault him. If the government does not prove that Mr. Muñoz-Guatemala should reasonably have known that Jonathan Ross was a law enforcement officer and not a private citizen, and if you also find that Mr. Muñoz-Guatemala's conduct in driving away was a reasonable response, then you must find Mr. Muñoz-Guatemala not guilty.

A "deadly or dangerous weapon" is an object used in a manner likely to endanger life or inflict serious bodily harm. A weapon intended to cause death or danger but that fails to do so because of a defective component is a deadly or dangerous weapon.

"Bodily injury" is any of the following injuries: (a) a cut, abrasion, bruise, burn or disfigurement; (b) physical pain; (c) illness; (d) impairment of the function of a bodily

7

member, organ, or mental faculty; or (e) any other injury to the body, no matter how temporary.

Remember, Mr. Muñoz-Guatemala is presumed innocent of these charges. There is no burden upon a defendant to prove that he is innocent or to disprove any of the elements of this offense. Instead, the burden of proof remains on the government throughout the trial. The presumption of innocence alone is sufficient to find a defendant not guilty and can be overcome only if the government proved during the trial, beyond a reasonable doubt, each of the elements of the crimes charged.

**JURY INSTRUCTION NO. 15**
Model Criminal Jury Instructions for the Eighth Circuit, § 3.14 (2023)

The Indictment charges that the alleged offense was committed "on or about" June 17, 2025. The government must prove that the offense happened reasonably close to that date or timeframe, but is not required to prove the alleged offense happened on that exact date.

**JURY INSTRUCTION NO. 16**
Model Criminal Jury Instructions for the Eighth Circuit, § 7.05 (2023)

Intent or knowledge may be proved like anything else. You may consider any statements made and acts done by Mr. Muñoz-Guatemala, and all the facts and circumstances in evidence which may aid in a determination of Mr. Muñoz-Guatemala's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and probable consequence of acts knowingly done or knowingly omitted.

**JURY INSTRUCTION NO. 17**
Model Criminal Jury Instructions for the Eighth Circuit, § 3.12 (2023)

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I will list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room.  You should try to reach agreement if you can do so without violence to individual judgment, because a verdict—whether guilty or not guilty—must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if Mr. Muñoz-Guatemala is found guilty, the sentence to be imposed is my responsibility.  You may not consider punishment in any way in deciding whether the government has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through the court security officer, signed by one or more jurors.  I will respond as soon as possible either in writing or orally in open court.  Remember that you should not tell anyone—including me—how your votes stand numerically.

*Fifth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions.  The verdict, whether guilty or not guilty, must be unanimous.  Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case.  The form reads: (read form).  You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.